## Case No. 18,296.

### FIELDS et al. v. CRAWFORD et al.

[2 Hayw. & H. 256.][1]

Circuit Court, District of Columbia. April 4, 1857.

EXECUTION—LIEN—WHEN FORFEITED—REPLEVIN.

1. An officer leaving property levied on in the hands of the defendant, subjects it to be seized upon by subsequent creditors of the defendant.

2. An officer of another state forfeits any lien he may have on property levied on, by allowing it to be taken out of the jurisdiction of the state.

3. The only judgment that can be issued in favor of the defendant in replevin is one cent damages and a retorno habendo; he must rely upon a suit on the replevin bond for his damages.

At law. Action of replevin. The following rules were adopted March 25, 1857, by the court, in compliance with the provisions of an act of congress on the subject passed at the last session: "Three terms of this court shall be held in every year, commencing on the respective days following, viz.: On the third Monday of October, on the third Monday of January and on the first Monday of May. The first term under this rule shall be held on the third day of October next." The sheriff had levied an execution in his county on a horse and buggy, the property of one Johnson, to satisfy certain judgments recovered in that county; but he allowed the property, after being thus levied upon, to remain in the possession of Johnson, and while in such possession was brought by him (Johnson) to the city of Washington. While here the same property was levied upon, by virtue of an execution from a justice of the peace, to satisfy a debt due Willard Brothers, hotel keepers, and at the sale under said execution was purchased at public auction by the defendant Crawford. Some days after the sale and purchase the sheriff of Montgomery county replevied the property from Crawford.

Kennedy & Swann, for sheriff.
Chas. Lee Jones, for defendant.

These facts being submitted to the court, and being argued by counsel, the court decided that the sheriff, in leaving the property in Johnson's possession, subjected it, even in the

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

state of Maryland, to be seized upon by any subsequent creditors of Johnson in that state; but even if the levy and execution created a valid lien on the property in that state, yet the bringing of the property out of the jurisdiction of the state forfeited any lien the sheriff might have upon it. The court instructed the jury to find for the defendant.

A question then rose as to the form of the judgment to be rendered. Mr. Jones contended that the jury were not to assess the damages for the unlawful taking and retention of the property by the plaintiff, and a retorno habendo awarded. The court decided that the only judgment the defendant in replevin could receive was one cent nominal damages, and a retorno habendo, and the defendant must rely upon a suit on the replevin bond for his damages. Mr. Jones, in reply, did not see why, if one cent damages could be given, more could not, and took exception. The counsel for the plaintiff, however, agreed that the case might at once be submitted to the jury to assess both the value of the property and damages. The jury gave a verdict for the defendant to the amount claimed, viz., $125, with interest from the date of the replevin.